**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY ENGLISH** | **CIVIL ACTION** |
| **VERSUS** | |
| **VICKI CROCHET, ET AL.** | **NO. 24-00119-BAJ-SDJ** |

# RULING AND ORDER

Before the Court is Plaintiff Larry English's **Motion to Stay Proceedings Pending State Court Nullity Action. (Doc. 111).** Defendants Vicki Crochet, Robert Barton, and Taylor Porter, LLP, oppose the Motion. (Doc. 118).

For the reasons that follow, the Motion will be **GRANTED IN PART** and **DENIED IN PART**.

## I. BACKGROUND

The United States Court of Appeals for the Fifth Circuit described the facts of this case as follows:

> In 2013, LSU employee Sharon Lewis reported students' allegations of sexual assault and harassment by football coach Les Miles to senior LSU officials, prompting a Title IX investigation. As outside counsel to the LSU Board of Supervisors, Vicki Crochet and Robert Barton were appointed to lead the investigation. Lewis alleged that Crochet and Barton engaged in misconduct during the course of that investigation.
>
> In April 2021, Lewis, represented by English, filed lawsuits in Louisiana state and federal court. The federal court action alleged violations of the federal RICO statute. The state court action alleged violations of the Louisiana Racketeering Act. In the state court proceedings, Crochet and Barton pursued sanctions against English and Lewis. The state court awarded $330,461.97 in sanctions jointly and severally against English and Lewis for[:]

> [M]aking allegations of criminal conduct against [Crochet and Barton] which are not based in fact or law, failing to conduct a reasonable investigation regarding the RICO claims asserted against [Crochet and Barton], making sensational and unsupported public statements to the media on multiple occasions, fabricating evidence to support their baseless claims against [Crochet and Barton] (i.e., Plaintiff's speculative interpretation of Taylor Porter's invoices); filing pleadings and employing abusive litigation tactics for the improper purposes of causing unnecessary delay, to harass, needlessly increasing the cost of litigation, and needlessly instigating and perpetuating unmerited litigation; and making unfounded allegations of racist and sexist conduct and bias against opposing counsel and this Court in multiple venues in an effort to disrupt the efficient and just disposition of this proceeding.
>
> One basis for the court's award of sanctions in Lewis's lawsuit was English's portrayal of Taylor Porter billing entries in his complaint. For example, English portrayed a time entry as "Email on the status of scheme to hide Miles investigation" when the actual time entry by Crochet was "Correspondence with Ginsberg, Segar."[1] The court stated at the Article 863 hearing that "there has to be almost a hundred entries in Taylor Porter time record entries, that say nothing about anything to do in furtherance of any scheme to hide anything, and yet, that's—that's what it's alleged to be."
>
> English thereafter filed the instant lawsuit against Crochet, Barton, and their law firm[,] asserting four claims under Louisiana law: (1) defamation; (2) negligent infliction of emotional distress (NIED); (3) intentional infliction of emotional distress (IIED); and (4) civil conspiracy. The district court dismissed all claims with prejudice under Federal Rule of Civil Procedure 12(b)(6). This appeal followed.

(Doc. 70 at 4–6).

On appeal, the Circuit affirmed the Court's Ruling granting Defendants' Motion to Dismiss in part and vacated it in part. (Doc. 70). Specifically, the Circuit

---

[1] Peter Ginsberg was football coach Les Miles's counsel, and Miriam Segar was an employee in the LSU athletics department. *Lewis v. La. State Univ.*, 2023 WL 2504253, at *9–10 (M.D. La. Mar. 14, 2023), *rev'd and remanded sub nom. Lewis v. Crochet*, 105 F.4th 272 (5th Cir. 2024).

affirmed the Court's dismissal of English's IIED claims.[2] (*Id.* at 10). The Circuit vacated the Court's dismissal of English's defamation and conspiracy claims. (*Id.*). The Circuit remanded the matter to this Court for further proceedings. (*Id.* at 11).

Following the Circuit's remand, English's defamation and conspiracy claims remain pending before this Court.

English's defamation claim is based on allegations that Defendants, through their counsel, "published statements in federal and state court that Larry English . . . fabricated evidence when he filed pleadings on behalf of his client Sharon Lewis." (*Id.* at 7). The Circuit emphasized the following:

> English contends that his injuries were caused [by] the Defendants['] conduct (through their counsel) during the sanctions proceedings. As Defendants[] readily acknowledge, English "seeks damages for defamation arising out of alleged false and defamatory statements made by counsel for the . . . Defendants that allegedly were the basis for the issuance of the sanctions judgment." English does not seek to overturn the state-court judgment; rather, he pursues damages for injuries caused by Defendants['] allegedly defamatory statements, through counsel, made during those proceedings.

(*Id.* at 8).

English's conspiracy claim contends that Defendants engaged in a civil conspiracy with their counsel throughout the federal and state court proceedings to defame and otherwise harm English. (Doc. 11 at 26; Doc. 72 at 39–40).

Now, English moves to stay the instant action pending the outcome of state court proceedings. (Doc. 111).

---

[2] English did not challenge the Court's dismissal of his NIED claim on appeal. (Doc. 70 at 10).

## II. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding the status of a discretionary stay, "[a] court should consider: (1) hardship and inequity on the moving party without a stay, (2) prejudice the non-moving party will suffer if a stay is granted, and (3) judicial economy." *See Chevallier v. Our Lady of the Lake Hosp., Inc.*, No. CV 18-00997-BAJ-EWD, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019).

## III. DISCUSSION

English asks the Court to stay the above-captioned matter pending the outcome of state court nullity proceedings in *Sharon Lewis v. Louisiana State University, et al.*, Civil Suit No. 708092, Section 22 (19th JDC) ("State Nullity Proceedings"). (Doc. 111-2). English represents that the State Nullity Proceedings directly challenge the validity of the state court's December 20, 2022 sanction judgment (the "State Sanctions Judgment") on which Defendants' pending motions in the instant case substantially depend. (Doc. 111 at 1). English argues:

> If this Court denies a stay and dismisses Plaintiff's defamation claims based on the [State Sanctions Judgment], and the [state court] subsequently annuls that judgment for fraud, this Court will have rendered an inconsistent and highly prejudicial ruling based on a nullified, fraudulent state court decree. A stay is the only mechanism to prevent such an unjust result.

(Doc. 111-2 at 4). English argues that denial of a stay risks inefficient, premature, inconsistent, and prejudicial adjudication. (Doc. 111 at 1).

Defendants respond that a stay is unwarranted because English does not seek to nullify the State Sanctions Judgment itself. (Doc. 118 at 3). Defendants attach English's petition filed in the State Nullity Proceedings, which indicates that English seeks to annul the following:

- **October 31, 2024:** Judgment denying the petition to nullify Les Miles's January 5, 2024 sanction judgment.
- **December 10, 2024:** Judgment denying the petition to nullify Taylor Porter's December 20, 2022 sanction judgment.
- **July 24, 2025:** Judgment awarding Taylor Porter $50,497.88 in attorney fees against Plaintiff.
- **August 5, 2025:** Judgment granting Defendants' joint Article 863 sanction motion for injunctive relief.
- **November 26, 2025:** Judgment awarding Les Miles $64,795.99 in attorney fees.
- **January 27, 2026:** Judgment resetting Taylor Porter's Judgment Debtor Exam for February 20, 2026.
- **February 3, 2026:** Judgment resetting Taylor Porter's Judgment Debtor Exam for February 20, 2026.
- **February 3, 2026:** Judgment granting Les Miles protective order.
- **February 20, 2026:** Judgment resetting Taylor Porter's Judgment Debtor Exam for April 2, 2026.
- **March 10, 2026:** Judgment resetting Taylor Porter's Judgment Debtor Exam for April 2, 2026.

(Doc. 118-2 at 1).

Defendants argue that the state court merely granted English leave to file the nullity petition, emphasizing that the state court has not actually annulled the underlying judgments, vacated any prior rulings, altered any factual findings, or

otherwise affected the basis of English's allegations. (Doc. 118 at 3). Defendants further contend that they have asked the state court to reconsider its order permitting English to file the nullity petition, which is set for hearing on September 9, 2026.[3] (*Id.* at 4). Defendants urge that these ongoing preliminary proceedings show that this is not the type of definitive ruling that could justify staying the instant case. (*Id.*).

Defendants further contend that they will be prejudiced by a stay, as they have filed dispositive motions challenging the legal sufficiency of English's claims. (*Id.* at 8). For these reasons, Defendants ask the Court not to postpone resolution of these motions while "English pursues speculative relief" in state court. (*Id.*).

After careful consideration, the Court, in its discretion, finds the following approach appropriate. The Court will grant a brief stay of the above-captioned matter pending the outcome of the September 9, 2026 state court hearing. Within 21 days of the state court's decision on Defendants' "motion for new trial," as described in Defendants' Opposition Brief (Doc. 118 at 4), the Parties shall file motions to lift or extend the stay, addressing the following issues:

(1) the state court's decision on Defendants' "motion for new trial," as described in Defendants' Opposition Brief (Doc. 118 at 4);

(2) whether a scheduling order has been entered in the state court matter;

---

[3] Defendants note that they "believe the [state court's] Order may have been signed inadvertently and, at a minimum, does not reflect any considered determination of the merits of English's claims." (Doc. 118 at 4).

(3) if successful, what effect, if any, the State Nullity Proceedings would have on the Sanctions Judgment; and

(4) if successful, what effect, if any, the State Nullity Proceedings would have on the instant proceedings.[4]

Thereafter, the Court will determine whether a lengthier stay of this case is warranted.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that English's **Motion to Stay Proceedings Pending State Court Nullity Action (Doc. 111)** is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the above-captioned matter be and is hereby **STAYED** and **ADMINISTRATIVELY CLOSED** pending the outcome of the September 9, 2026 state court hearing.

[4] The Circuit noted that on appeal, Defendants argued that "even if English's defamation claim does not directly challenge the state court judgment, it is 'inextricably intertwined' with that judgment." (Doc. 70 at 8). In their motion, Defendants should also address whether their argument on appeal differs from their argument on the instant Motion to Stay.

**IT IS FURTHER ORDERED** that within 21 days of the state court's decision on Defendants' "motion for new trial," as described in Defendants' Opposition Brief (Doc. 118 at 4), the Parties shall file motions to lift or extend the stay, addressing the issues described herein.

Baton Rouge, Louisiana, this 27th day of August, 2026

**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**